UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KALEB GILVIN,

      Plaintiff,

  v.

VENETO TUSCAN LLC; KARSAZ LAW;
DOES 1-10,

      Defendants.

Case No. 2:26-cv-00370-APG-EJY

**ORDER
AND
REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to proceed *in forma pauperis* ("IFP") and his Complaint. ECF No. 1, 1-1. The Court notes neither are signed. Under Rule 11 of the Federal Rules of Civil Procedure, a plaintiff who is not represented by counsel is required to sign every pleading, including a complaint. Fed. R. Civ. P. 11(a). However, given the emergent nature of the situation, the Court proceeds with screening. Below, the Court orders Plaintiff to refile his IFP and Complaint with signatures as "Corrected Images." Plaintiff may call the Clerk's Office to obtain assistance if needed. Moving forward, must sign all documents submitted to the Court.

**I.     Screening Standard**

Having granted Plaintiff's request to proceed *in forma pauperis*, the Court screens the Amended Complaint under 28 U.S.C. § 1915(e)(2). In screening the Complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, Plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether Plaintiff's Complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   Plaintiff's Complaint

Plaintiff leased an apartment from Defendant Veneto Tuscan beginning in September 2025. ECF No. 1-1 at 2. Plaintiff alleges he is disabled, has a service dog, and that on January 12, 2026, he submitted a formal request for a reasonable accommodation under the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") for the dog. *Id.* at 1-2. Plaintiff claims that to the date of his filing, Defendant has not responded to his request. *Id.*; ECF No. 1-2 at 5. The same day Plaintiff requested an accommodation, Plaintiff alleges he received a call from the property manager who said she had read Plaintiff's private certified mail. ECF No. 1-1 at 2. Elsewhere in the Complaint, Plaintiff refers to this as "mail tampering."

On January 23, 2026, Plaintiff alleges his drink was tampered with while at the bar on the apartment complex property. *Id.* Plaintiff reported the event to LVMPD and requested surveillance footage from the bar to be preserved. *Id.* Plaintiff has not received a response to his preservation request. *Id.* Roughly one week later, Plaintiff alleges that "unknown residents called a retaliatory welfare check on" him and that he was contacted by a witness who claimed "the girls" were the ones who tampered with Plaintiff's drink. *Id.*

On February 3, 2026 Plaintiff alleges he received a Cease and Desist letter from Karsaz Law revoking Plaintiff's amenity privileges and access to the leasing office. *Id*. Plaintiff alleges the Cease and Desist letter threatened litigation. *Id*. On February 10, 2026 Plaintiff alleges he was served with a "Three-Day Notice to Quit Nuisance." *Id*. Plaintiff alleges the Notice falsely accuses him of harassing and threatening neighbors through social media. *Id*. Plaintiff says his social media posts documented the drink tampering, "mail tampering" and other "retaliatory" conduct. *Id*. Based on the foregoing, it appears Plaintiff is facing eviction. *Id*. at 3.

**III.    Discussion**

**A.    Plaintiff States a Retaliation Claim Under the FHA.**

To state a claim for retaliation under the FHA, Plaintiff must allege (1) he engaged in a protected activity, (2) an adverse housing consequence casually linked to that activity and (3) resulting damage. *Hall v. Meadowood Ltd. P'ship*, 7 Fed.Appx 687, 689 (9th Cir. 2001) (citing *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998)). Here, Plaintiff alleges he engaged in a protected activity by requesting a disability accommodation that relates to his service dog. ECF No. 1-1 at 2-3. Plaintiff also alleges he faced an adverse housing consequence based on the revocation of amenities, the threat of eviction, and ultimately receiving an eviction notice. *Id*. at 3. Plaintiff argues the temporal proximity between Plaintiff's request for an accommodation and the adverse action allows the Court to infer causation. *Id*. The Court finds these allegations are sufficient to state a facial claim of retaliation under the FHA. *McGhee v. Forest Ridge Apartments LLC,* Case No. CV-22-08155-PCT-SPL, 2022 WL 23037031, at *2 (D. Ariz. Sept. 8, 2022). Plaintiff's FHA Retaliation claim will proceed against Veneto Tuscan LLC.

**B.    Plaintiff's ADA Claims Fail as a Matter of Law.**

Liberally construed, it appears Plaintiff may be attempting to state a claim under Title III of the ADA. "To prevail on a Title III discrimination claim, the plaintiff must show that (1) []he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc*. 481 F.3d 724, 730 (9th Cir. 2007). Although Plaintiff has not alleged any facts to suggest he is disabled within the meaning of

the ADA, the Court need not reach that issue because apartments and other dwellings covered by the FHA are not considered "public accommodations" under Title III of the ADA. *See Wolf v. City of Millbrae*, 2023 WL 2134403 n.1 (9th Cir. 2023); *Moore v. Pac. View Apartments Carlsbad LLC*, Case No. 3:23-cv-00826-JAH-WVG, 2024 WL 1774015, *4 (S.D. Cal. Apr. 24, 2024). Further, because Plaintiff cannot state a claim for ADA discrimination, he cannot state a claim for ADA retaliation. *E.g. Baidan v. Leone, Alberts & Duus, APC*, Case No. 25-CV-08455-VKD, 2025 WL 3228309, at *4 (N.D. Cal. Nov. 19, 2025) ("Because [Plaintiff] does not allege a claim of discrimination under the ADA, which is 'the predicate for any claim of retaliation and/or interference under [the ADA],' he cannot assert claims of retaliation and interference.). The Court recommends Plaintiff's claims arising under the ADA be dismissed with prejudice as these claims are futile.

          C.      <u>Plaintiff Has Not Stated a Claim for Intentional Infliction of Emotional Distress</u>.

To state an intentional infliction of emotional distress ("IIED") claim under Nevada law a plaintiff must plead facts demonstrating: "'(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation.'" *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993) (quoting *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981)). Allegations sufficient to state extreme and outrageous conduct are those that describe "conduct that is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Id.* (internal quotation marks and citation omitted).

Plaintiff alleges Defendants engaged in extreme and outrageous conduct based on "ignoring criminal activity…, facilitating harassment, and pursuing retaliatory eviction." ECF No. 1-1 at 3. The Court finds Plaintiff has not sufficiently plead this claim. Courts have found eviction does not rise to the level of extreme and outrageous conduct. *Peshkepia-Cadena v. Suntrust Bank N.A.*, Case No. CV1207322RGKRZX, 2012 WL 12884411, at *2 (C.D. Cal. Dec. 17, 2012), *aff'd sub nom. Peshkepia-Cadena v. SunTrust Bank*, 644 Fed.Appx. 715 (9th Cir. 2016). Moreover, Plaintiff

4

has not demonstrated facts to support severe and extreme emotional distress. Plaintiff alleges he suffered severe emotional distress, but that is merely a legal conclusion. *See* ECF No. 1-1 at 3.

The pleadings in this matter are insufficient to state Plaintiff's IIED claim; however, the Court finds an opportunity to amend is appropriate. Thus, the Court dismisses this claim without prejudice and with leave to amend.

D.    Plaintiff Has Not Stated a Claim for Civil Conspiracy.

"To state a civil conspiracy claim in Nevada, plaintiff must allege, 'a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *New England Life Ins. Co. v. Lee*, Case No. 2:14-CV-1797-JCM-NJK, 2015 WL 1413391 (D. Nev. Mar. 27, 2015) (citing *Collins v. Union Fed. Sav. & Loan Ass'n,* 99 Nev. 284, 662 P.2d 610, 622 (Nev.1983)). Here, Plaintiff alleges "Defendants and unknown residents conspired to tamper with Plaintiff's drink, file coordinated false complaints, and pursue retaliatory eviction." ECF No. 1-1 at 3. The Court finds Plaintiff has not pleaded facts to support a claim that is plausible on its face. Plaintiff does not allege facts that allows the Court to infer that "the girls," who allegedly tampered with Plaintiff's drink, were acting in concert with the Defendant apartment complex.

Plaintiff's civil conspiracy complaint is dismissed without prejudice and with leave to amend. Plaintiff must provide the Court with a short and plain statement of facts demonstrating a plausible claim of conspiracy between or among named defendants.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) must be filed on the docket and shown as dismissed, in part, without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff must file a signed version of his IFP application and Complaint on the docket and title these filings "Notice of Corrected Image."

IT IS FURTHER ORDERED that Plaintiff's FHA Retaliation claim may proceed against Veneto Tuscan LLC.

IT IS FURTHER ORDERED the Clerk of Court must issue a summons for Veneto Tuscan LLC.

IT IS FURTHER ORDERED that Plaintiff must arrange for prompt service of process of the Summons, Complaint, and a copy of this Order on Veneto Tuscan LLC's resident agent that may be located through the Nevada Secretary of State Business Entity search engine.  If Plaintiff cannot arrange for prompt service he may seek service through the U.S. Marshal Service; however, this will delay the service of process.

IT IS FURTHER ORDERED that Plaintiff's state law claims for IIED and Civil Conspiracy are dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that to the extent Plaintiff brings any of his claims against Karsaz Law, he fails to state such claims.  Plaintiff asserts no facts tying this Defendant to specific wrongdoing as required by Rule 8 of the Federal Rules of Civil Procedure.  Claims against Karsaz are dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint that complaint must be titled "Amended Complaint."  The amended complaint must be filed no later than **March 13, 2026** and must contain all claims and all facts in support of the claims Plaintiff seeks to assert.  The amended complaint must also identify each defendant he seeks to sue and asserts facts that tie that defendant to wrongdoing.  If Plaintiff files an amended complaint and fails to include the facts necessary to support a claim raised, he will not be granted leave to proceed with those claims.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an Amended Complaint, his original Complaint will be the operative complaint and the case will proceed against Veneto Tuscan LLC under Plaintiff's FHA claim.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, he must not file claims dismissed with prejudice.

## V.    Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's ADA Discrimination and ADA Retaliation Claims be dismissed with prejudice.

Dated this 13th day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).