**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KALEB GILVIN, | Case No.: 2:26-cv-00370-APG-EJY |
| Plaintiff | **Order Granting Motion for Temporary Restraining Order** |
| v. | [ECF No. 2] |
| VENETO TUSCAN LLC, et al., | |
| Defendants | |

Kaleb Gilvin alleges the defendants are unlawfully seeking to evict him from his apartment at the Tuscan Highlands apartment complex. He claims the eviction is in retaliation for his request for a disability accommodation. According to Gilvin, on February 10, 2026, the defendants served him with a three-day notice to quit the apartment, although Gilvin contends the service was defective. He thus moves for temporary injunctive relief under the Fair Housing Act (FHA) to prevent the defendants from evicting him.

Gilvin's complaint has been screened and his remaining claim at this time[1] is for retaliation under the FHA. ECF No. 5 at 3. Gilvin alleges he engaged in protected activity by requesting a disability accommodation related to his service dog. ECF Nos. 1-1 at 2-3; *see also* ECF No. 1-2 (January 12 email where Gilvin challenges the "verbal no dogs rule from the staff" at the community bar and reminding that the dog is Gilvin's "service dog and her paperwork was with my lease"). Gilvin also alleges he faced an adverse housing consequence based on the revocation of amenities, the threat of eviction, and ultimately receiving an eviction notice on

---

[1] Gilvin objected to the Magistrate Judge's screening order. ECF Nos. 5, 20. I will address that objection by separate order in due course. He also subsequently filed an amended complaint. ECF No. 21. Given the short time frame to resolve the pending motion for temporary restraining order, there is no time to rescreen the complaint, so I base my analysis on Gilvin's claim for FHA retaliation.

February 10, 2026. ECF No. 1-1 at 3; *see also* ECF No. 1-2 at 24 (3-day notice to quit dated February 10, 2026).  The temporal proximity between Gilvin's request for an accommodation and the adverse action supports an inference of causation. *McGhee v. Forest Ridge Apartments LLC*, Case No. CV-22-08155-PCT-SPL, 2022 WL 23037031, at *2 (D. Ariz. Sept. 8, 2022).

Gilvin alleges defendant Veneto Tuscan LLC operates the Tuscan Highlands complex, and the defendants do not deny that.  Veneto was served through its registered agent on February 17, 2026. ECF No. 15.  A few days later, on February 24, Tuscan Highlands placed a five-day notice to quit on Gilvin's apartment door. ECF Nos. 30-2; 31 at 2.  Gilvin argues that if the defendants are not enjoined from filing an eviction proceeding against him in state court, he will suffer irreparable harm, including potential homelessness and damage to his ability to obtain future housing and employment if an eviction proceeding appears in his credit history.

The defendants respond that Gilvin did not properly serve defendant Karsaz Law.  They also assert that Gilvin was given the three-day notice to quit because of his "repeated improper conduct at Tuscan Highlands," including "complaints from neighboring residents asserting Gilvin's . . . harass[ing] and . . . threatening behavior." ECF No. 30 at 2.  The defendants thus argue that this is a for-cause eviction based on Gilvin being a nuisance.

To qualify for a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**A. Gilvin has shown serious questions on the merits.**

Although the defendants dispute service on defendant Karsaz Law firm, they do not dispute that Veneto Tuscan LLC was served, and that is the entity that operates the Tuscan Highlands Apartment where Gilvin leases apartment 2116. ECF Nos. 1-1 at 1; 15 (summons returned executed). Accordingly, the defendants' passing reference to lack of service in their opposition to the motion for temporary restraining order is no barrier to granting the relief Gilvin seeks.

The FHA "makes it 'unlawful to coerce, intimidate, threaten, or interfere with any person ... on account of his having aided or encouraged any other person in the exercise or enjoyment of[ ] any right granted or protected by' the Act." *Walker v. City of Lakewood*, 272 F.3d 1114, 1123 (9th Cir. 2001) (quoting 42 U.S.C. § 3617). To establish a prima facie case of retaliation under the FHA, "a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Id.* at 1128

Gilvin has presented evidence that he requested accommodations to use community amenities with his service dog, that he thereafter received a three-day notice to quit, and that the notice to quit came less than a month after his protected activity. He thus has presented evidence that he engaged in a protected activity, Veneto Tuscan took an adverse action against him by initiating eviction, and the timing supports an inference of a causal connection. The defendants respond that the eviction is not retaliatory because it is a for-cause eviction based on Gilvin's behavior that "will be supported by various complaints submitted by neighboring residents, as well as testimony." ECF No. 30 at 3-4. But they present no evidence of any such complaints or

declarations in this case.  So, there are serious questions on the merits regarding whether the eviction is retaliatory.

**B. Gilvin has shown he is likely to suffer irreparable harm.**

Gilvin asserts that eviction will cause him to lose housing.  He also contends that if the defendants are allowed to initiate an eviction proceeding against him, that will tarnish his credit and impair his ability to secure future housing, as other landlords will negatively view his application based on a prior eviction proceeding.  He also asserts that future employers will check his credit and see an eviction, and that is likely to negatively impact his job prospects.  The defendants respond that any harm to him is not imminent because, at the time the defendants filed their opposition, they had not yet initiated an unlawful detainer action. ECF No. 30 at 5.  But that does not address the harm that an eviction proceeding itself may cause Gilvin.  And although the defendants predict that an eviction proceeding in state court may take weeks, that is not a certainty.  Gilvin thus has shown a likelihood of irreparable harm.

**C. Gilvin has shown the balance of hardships tip in his favor.**

Gilvin faces eviction, loss of housing, and negative impacts on his credit history if the defendants are allowed to proceed with an eviction proceeding.  The defendants, on the other hand, face the continued lease of a paying tenant.[2]  The defendants assert that Gilvin is a nuisance but present no evidence to support that beyond the statements in the three-day notice to quit that there were "ongoing reports of [Gilvin] harassing and threatening several neighboring tenants and Management's Staff, causing a nuisance at the community." ECF No. 1-2 at 24.  According to the notice, the "conduct reported includes threats of violence or harm, following or approaching other residents around the community and/or at their places of employment, the use

---

[2] There is no allegation Gilvin has not paid his rent.

4

of social media in a harassing manner towards tenants and members of Management's Staff, as well as harassing text messages being sent from [Gilvin] to several other residents.  The extent of [Gilvin's] behavior has required police involvement." ECF No. 1-2 at 24.

Despite these allegations, the defendants have not presented any evidence of threats to neighbors or staff, statements by residents that they were being followed, what harassing social media they are referring to, or any police report.  The defendants presumably had some evidentiary basis to initiate the three-day notice to quit, but they have submitted none of that to the court.  The defendants contend that they will suffer harm because not evicting Gilvin risks "potential claims from existing tenants alleging insufficient response to the nuisance," along with "financial losses attributed to vacating tenants." ECF No. 30 at 7.  But the defendants present no evidence that existing tenants have threatened to file claims against Veneto or that any tenants are leaving the complex due to Gilvin.  The balance of hardships therefore tips sharply in Gilvin's favor, at least in the short term.

**D.  The public interest favors an injunction or is at least neutral.**

The public interest favors enjoining a retaliatory eviction, if this is one.  To the extent Gilvin raises only serious questions on the merits rather than a likelihood of success, the public interest in preventing a potentially retaliatory eviction is at least neutral.

**E.  I enjoin defendant Veneto Tuscan LLC from initiating eviction proceedings in court against Gilvin until further order of this court.**

Gilvin has shown serious questions on the merits, a likelihood of irreparable harm, and that the balance of hardships tips sharply in his favor.  The public interest does not weigh against a temporary restraining order.

I THEREFORE ORDER that plaintiff Kaleb Gilvin's motion for temporary restraining order **(ECF No. 2) is GRANTED**.  I hereby **TEMPORARILY ENJOIN** defendant Veneto Tuscan LLC, its agents, employees, and anyone acting in concert with it, from initiating any court proceeding to evict plaintiff Kaleb Gilvin from 12656 Southern Highlands Parkway, Apartment No. 2116, Las Vegas, Nevada, 89141 until further order of this court.

I FURTHER ORDER that plaintiff Kaleb Gilvin need not file a bond because he is proceeding in forma pauperis.

I FURTHER ORDER that a hearing on plaintiff Kaleb Gilvin's motion for preliminary injunction (ECF No. 3) is set for **Thursday, March 12, 2026 at 10:00 a.m. in Las Vegas Courtroom 6C**, unless the parties agree to extend the temporary restraining order to a later date. In that regard, I note that plaintiff Kaleb Gilvin has indicated that he intends to voluntarily vacate the apartment by March 30, 2026. ECF No. 36 at 3.

DATED this 3rd day of March, 2026 at 2:08 p.m.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

6