UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KALEB GILVIN,

      Plaintiff,

  v.

VENETO TUSCAN LLC, et al.,

      Defendants.

Case No. 2:26-cv-00370-APG-EJY

**ORDER**

Pending before the Court is Plaintiff's Renewed Motion for Appointment of Counsel. ECF No. 45. Plaintiff's previous Motion for Appointment of Counsel was denied on February 25, 2026. ECF No. 29. Plaintiff Renewed Motion avers that his personal circumstances have changed since the Court's ruling. ECF No. 45 at 2. Specifically, Plaintiff says a potential employment opportunity fell through and therefore, he must relocate out of state. *Id*. at 3-4.

As explained in its previous order, the Court must weigh several considerations when deciding whether to appoint counsel including Plaintiff's financial resources, his efforts to obtain counsel, the merit to his claim, and his ability to present his case without counsel. *Hicks v. Makaha Valley Plantation Homeowners Ass'n*, Case No. CIV. 14-00254 HG-BMK, 2015 WL 1608454, at *3 (D. Haw. Apr. 9, 2015) (quoting *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981); *Reckley v. Cmty. Nursing, Inc.*, Case No. CV 19-119-M-KLD, 2020 WL 12879924 (D. Mont. Oct. 20, 2020). Moreover, the Court must operate under the reality that there are very few lawyers available to be appointed. *Brown v. Am. Homes 4 Rent*, Case No. 2:23-cv-00556-JAD-EJY, 2023 WL 4996887, at *2 (D. Nev. Aug. 2, 2023).

The Court finds no material change in the circumstances of this case warranting a different result. The Court recognizes that Plaintiff has strained financial resources—he has been granted *in forma pauperis* status. ECF No. 5. However, the fact that Plaintiff may now have to move out of state due to his worsening financial circumstances does not change the outcome of the Court's analysis. Should Plaintiff relocate out of state, he may request to attend any hearings remotely. Such

requests are likely to be granted.  Further, Plaintiff can file documents electronically from anywhere in the U.S.

Plaintiff's Renewed Motion laments the challenges he may face prosecuting his claims, but "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989).  The Court recognizes that Plaintiff, and more broadly, *all pro se* litigants would benefit from appointment of counsel, but that doesn't change the reality that appointable attorneys are a scarce resource.  *See Newton v. Wintersteen*, Case No. 2:16-cv-01705-RFB-PAL, 2017 WL 3469270, *2 (D. Nev. Aug. 9, 2017).  In the end, Plaintiff's Renewed Motion does not present anything that prompts the Court to reach a result that differs from what was decided just a little more than one week ago.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 45) is DENIED without prejudice.

Dated this 6th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE